**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

STANLEY A. FLEMING                                                                                    PLAINTIFF

v.                                              No. 4:12CV00273 JLH

EVERGREEN PACKAGING, INC.                                                                   DEFENDANT

## ORDER

On May 10, 2012, Stanley Fleming commenced this action against his employer, Evergreen Packaging, Inc., alleging that Evergreen engaged in a pattern of discrimination against Fleming and other African-American employees in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et. seq.*, and the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101 *et. seq.* On May 16, Fleming served the summons and complaint on Evergreen's registered agent in Arkansas. Thus, pursuant to Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure, Evergreen had up to and including June 6 to file a responsive pleading. Because Evergreen did not filed a responsive pleading by June 6, Fleming filed a motion for default judgment on June 7. On June 11, Evergreen filed a response opposing Fleming's motion for default judgment, a motion for extension of time to file an answer, and its answer. Fleming has filed a response in opposition to the motion for extension of time. The dispositive issue is whether Evergreen failed to file a timely responsive pleading because of excusable neglect. *See* Fed. R. Civ. Proc. § 6(b)(1)(B).

At one time, a party generally could only establish "excusable neglect" by showing that the delay was a result of factors outside of that party's control. *See*, *e.g.*, *Hanson v. First Bank of S.D., N.A.*, 828 F.2d 1310, 1314 (8th Cir. 1987) ("Conduct does not constitute excusable neglect, however, when the delay was within the [party]'s control[.]"). In 1993, however, the Supreme Court rejected the rule that a party could only establish "excusable neglect," as the term was used in the

context the Federal Rules of Bankruptcy Procedure, by showing that the "failure to comply with the court's deadline was caused by circumstances beyond its reasonable control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, 113 S. Ct. 1489, 1494, 123 L. Ed. 2d 74 (1993). The Supreme Court ruled that "excusable neglect" is a flexible concept that permits courts "where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* at 388-89, 113 S. Ct. at 1495. The Supreme Court noted that "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395, 113 S. Ct. at 1498. In determining whether neglect is excusable, a district court must pay particular attention to the following factors: (1) the possibility of prejudice to the defendant, (2) the length of the delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith. *Kurka v. Iowa Cnty., Iowa*, 628 F.3d 953, 959 (8th Cir. 2010) (citing *Pioneer*, 507 U.S. at 395, 113 S. Ct. at 1498). However, "[t]hese factors do not bear equal weight as the reason for delay is generally a key factor in the analysis." *Kurka*, 628 F.3d at 959 (citing *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007)). The Eighth Circuit applies *Pioneer* to cases implicating Rule 6(b) of the Federal Rules of Civil Procedure. *See Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010).

Here, Evergreen's employee who was informed of the service of Fleming's complaint inadvertently failed to note the service date so that Evergreen's counsel did not learn of the suit until June 11.[1] Evergreen's filing, which was five days late, certainly will not prejudice Fleming nor have

---

[1] Fleming contends that this allegation cannot establish excusable neglect because it is unsupported by an affidavit or other admissible evidence. Evergreen has attached to its reply an

2

any meaningful impact on these proceedings. Finally, although Evergreen's employee was negligent, Evergreen did not act in bad faith. In fact, Evergreen filed a motion for extension of time and answer on the very day it discovered the error. Thus, three of the four factors weigh in favor of finding excusable neglect.

Undoubtedly, as Fleming points out, the reason for the delay was within Evergreen's control. Although that fact weighs against Evergreen, it is no longer dispositive. It is well-settled that "[t]he entry of default judgment is not favored by the law . . . and should be a rare judicial act[.]" *In re Jones Truck Lines, Inc.*, 63 F.3d 685, 688 (8th Cir. 1995) (internal quotation marks omitted) (quoting *U.S. on Behalf of & for Use of Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993), *and Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir. 1993)). "A court abuses its discretion if it enters a default judgment 'for a marginal failure to comply with the time requirements.'" *In re Jones Truck Lines, Inc.*, 63 F.3d at 688 (quoting *Harre*, 983 F.2d at 130). In *Harre*, the defendant filed his answer twelve days late because he had several lawsuits concerning the same subject and had erroneously recorded the date his answer was due. 983 F.2d at 128. In *Jones Truck Lines*, the attorney erred by assuming that Arkansas's bankruptcy practice was the same as his home state of Indiana. 63 F.3d at 688. In both cases, the district court's entry of default judgment was reversed as an abuse of discretion. The Court cannot say that the mistake of Evergreen's employee is less excusable than the mistakes considered in *Harre* and *Jones Truck Lines*. *Cf. N. Cent. Ill. Laborers' Dist. Council v. S.J. Groves & Sons Co., Inc.*, 842 F.2d 164, 167 (7th Cir. 1988) (prior

---

affidavit by the employee in question. That affidavit says, in pertinent part, "I forgot to calendar the date our response was due or notify our counsel . . . about the service of process" and "on June 11, 2012, I checked my file and noticed my mistake. I immediately notified our counsel . . . ." Evergreen has "allege[d] the facts constituting excusable neglect." 4B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*: Civil § 1165 (3d ed. 2002).

to *Pioneer*, ruling that the district court did not abuse discretion in finding no excusable neglect where in-house legal staff overlooked the notice of suit, but noting that the district court could reasonably have came to the opposite conclusion).

The *Pioneer* factors, on the whole, balance in favor of finding Evergreen's neglect to be excusable. Therefore, for good cause shown, Evergreen's motion for extension of time is GRANTED. Document #7. Evergreen's answer, filed on June 11, 2012, is hereby construed as timely. Fleming's motion for entry of default and default judgment is DENIED. Document #3.

IT IS SO ORDERED this 29th day of June, 2012.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE